1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   MICKI S. SINGER  Bar No. 148699
2  micki.singer@sdma.com
   One Market Plaza
3  Steuart Tower, 8th Floor
   San Francisco, CA  94015
4  Telephone:   (415) 781-7900
   Facsimile:   (415) 781-2635
5
   SEDGWICK, DETERT, MORAN & ARNOLD LLP
6  JACQUELINE M. JAUREGUI  Bar No. 095289
   jacqueline.jauregui@sdma.com
7  AMAND K. MINES  Bar No. 155195
   amand.mines@sdma.com
8  801 South Figueroa Street, 18th Floor
   Los Angeles, California 90017-5556
9  Telephone:   (213) 426-6900
   Facsimile:   (213) 426-6921
10
   Attorneys for Defendants
11 GENERAL MOTORS CORPORATION
   and ONSTAR CORPORATION
12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15 | MARGARET A. GONZALES and          | CASE NO. C07 02580 EMC
   | BILLY JOE PATTON, JR., on behalf
16 | of themselves and all others similarly | **MOTION OF DEFENDANTS GENERAL MOTORS CORPORATION AND ONSTAR CORPORATION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**
   | situated, and on behalf of the general
17 | public,
18 |          Plaintiffs,
19 | v.
20 | GENERAL MOTORS                    | JUDGE:       Edward M. Chen
   | CORPORATION, a Delaware           | COURTROOM:   C
21 | corporation, and ONSTAR           | DATE:        August 22, 2007
   | CORPORATION, a Delaware           | TIME:        10:30 A.M.
22 | corporation,
23 |          Defendant.
24

25       TO ALL PARTIES AND THEIR COUNSEL OF RECORD

26       PLEASE TAKE NOTICE THAT, on August 22, 2007 at 10:30 a.m., or as soon

27 thereafter as the matter may be heard in Courtroom C of the above-entitled court,

28 Defendants General Motors Corporation ("GM") and OnStar Corporation ("OnStar")

1  (collectively, "Defendants") will move the Court to dismiss each and every claim asserted
2  in Plaintiffs' Complaint. GM moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) on
3  the basis that each of Plaintiffs' claims fail to state a claim upon which relief can be
4  granted against GM and OnStar.

5       Plaintiffs' claims against Defendants fail in their entirety because: (1) there is no
6  cause of action under California law for "unjust enrichment;" (2) Plaintiffs fail to state a
7  claim for violation of the Consumer Legal Remedies Act because they have not pled any
8  facts to support a claim that any false representations were made by GM and OnStar, or
9  that any actionable omission of fact occurred; (3) Plaintiffs fail to state a claim for
10 violation of California's Unfair Business Practices Act as they have failed to allege any
11 "unlawful," "unfair," or "fraudulent" act which could give rise to a violation; and (4) the
12 Complaint establishes that Plaintiffs' claims are time barred, and Plaintiffs fail to state
13 facts sufficient to toll any statute of any limitations.

14      The Motion will be based on this Notice of Motion and Motion, the Memorandum
15 of Points and Authorities filed herewith, and the pleadings and papers filed herein.

16 DATED: July 6, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

17
18
19
20
21

          By: s/Amand K. Mines
             Micki S. Singer
             Amand K. Mines
             Attorneys for Defendants
             GENERAL MOTORS CORPORATION and
             ONSTAR CORPORATION

22
23
24
25
26
27
28

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ...........................................................................................................3

II. FACTS AS ALLEGED IN THE COMPLAINT ..........................................................3

III. LEGAL ANALYSIS........................................................................................................5

    A. There is No Independent Claim under California Law for Unjust Enrichment..............................................................................................................5

    B. Plaintiffs' Claims, Which are Based on an Alleged Omission, Fail as a Matter of Law ........................................................................................6

        1. Plaintiffs Identify No Actionable Misrepresentations in the Complaint............................................................................................6

        2. No Actionable Omission is Pled in the Complaint that Supports a CLRA Claim ..................................................................7

        3. The Facts Pled Fail to Support a Claim under §17200 .....................10

        4. Restitution is Not an Appropriate Remedy.........................................11

    C. Plaintiffs' Claims are Barred by Limitations .................................................12

IV. CONCLUSION..............................................................................................................14

# TABLE OF AUTHORITIES

Page No.

### Federal Cases

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1988)..................................................................................5

*Betz v. Trainer Wortham & Co.*
2007 U.S.App. LEXIS 11439 (9th Cir.2007)........................................................13

*Briskin v. Ernst & Ernst*
589 F.2d 1363 (9th Cir. 1978).............................................................................13

*City of Arcadia v. United States EPA*
411 F.3d 1103 (9th Cir. 2005)...............................................................................5

*Duquesne Light Co. v. Westinghouse Elec. Corp.*
66 F.3d 604 (3rd Cir. 1995)...................................................................................7

*Enreach Tech, Inc. v. Embedded Internet Solutions, Inc.*
403 F.Supp.2d 968 (N.D. Cal. 2005).....................................................................6

*Federal Crop Ins. Corp. v. Merrill*
68 S. Ct. 1 (1947)..................................................................................................9

*Great-West Life & Annuity, Inc. Co. v. Knudson*
534 U.S. 204 (2002).............................................................................................11

*Interpetrol Bermuda, Ltd. v. Kaiser Aluminum Int'l Corp.*
719 F.2d 992 (9th Cir. 1983).................................................................................8

*Jablon v. Dean Witter & Co.*
614 F.2d 677, 682 (9th Cir. 1980).......................................................................12

*Leveto v. Lapina*
258 F.3d 156 (3rd Cir. 2001)...............................................................................12

*Lynsky v. United States*
126 F.Supp. 453 (Ct. Cl. 1954).......................................................................9, 13

*MGIC Indem. Corp. v. Weisman*
803 F.2d 500 (9th Cir. 1986).................................................................................5

*Palmer v. Stassinos*
348 F.Supp.2d 1070 (N.D. Cal. 2004).................................................................11

*Reudy v. Clear Channel Outdoors, Inc.*
2007 U.S. Dist. LEXIS 26322, *46 (N.D. Ca. 2007).............................................6

*Ritchie v. United States*
210 F.Supp.2d 1120 (N.D. Cal. 2002).................................................................12

*Schmier v. U.S. Court of Appeals*
279 F.3d 817 (9th Cir. 2002).................................................................................5

*Western Mining Counsel v. Watt*
  643 F.2d 618 (9th Cir. 1981)..................................................................................5

### State Cases

*Bardin v. Daimler Chrysler Corp.*
  136 Cal. App. 4th 1255 (2006).........................................................................10, 11

*Borba v. Sherman Thomas*
  70 Cal. App. 3d 144 (1977)...................................................................................8

*Daugherty v. American Honda Motor Corp., Inc.*
  144 Cal. App. 4th 824 (2006).......................................................................8, 10, 12

*Grisham v. Phillip Morris U.S.A., Inc.*
  40 Cal. 4th 623 (2007)........................................................................................13

*Khoury v. Maly's of California, Inc.*
  14 Cal. App. 4th 612 (1993)...........................................................................10, 11

*Korea Supply Co. v. Lockheed Martin Corp.*
  29 Cal. 4th 1134 (2003)......................................................................................11

*Limandri v. Judkins*
  52 Cal. App. 4th 326 (1997).................................................................................9

*McKell v. Washington Mutual, Inc.,*
  142 Cal. App. 4th 1457 (2006).............................................................................6

*Melchior v. New Line Productions, Inc.*
  106 Cal. App 4th 779 (2003)................................................................................6

*Olszewski v. Scripps Health*
  30 Cal. 4th 798 (2003).......................................................................................10

*Podolsky v. First Healthcare Corp.*
  50 Cal. App. 4th 632 (1996)...............................................................................10

*Seely v. White Motor Co.*
  63 Cal. 2d 9 (1965)..............................................................................................7

### Federal Statutes

44 U.S.C. §1507 (West 2007) ................................................................................9, 13

66 Fed. Reg. 31589 (June 12, 2001) ......................................................................9, 13

67 Fed. Reg. 77175 (Dec. 17, 2002) ..................................................................8, 9, 13

F.R.C.P. 12(b)(6)........................................................................................................5, 12

### State Statutes

Bus. & Prof. Code §17208 ..........................................................................................12

Civil Code §1770 ........................................................................................................12

Civil Code §1783 ................................................................................................................12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

At its core, Plaintiffs' Complaint attempts to hold Defendants liable for failing to disclose that the law might change. Plaintiffs purchased in 2001 and 2002, respectively, GM vehicles that had OnStar equipment factory-installed. The OnStar equipment in Plaintiffs' vehicles was designed to work with an analog cellular network, the only network at the time that provided national coverage. At the time Plaintiffs purchased the vehicles, the Federal Communication Commission ("FCC") rules mandated that cellular providers had to maintain analog networks in addition to their digital networks. After the Plaintiffs purchased their vehicles (indeed, in the case of Margaret Gonzales, almost a year and a half after purchase), the FCC issued a new rule in late 2002 which allowed cellular providers to cease maintaining analog systems starting five years later, in 2008. Although the FCC rule and rule-making were open, public, and published in the Federal Register, Plaintiffs claim that they only recently learned that the OnStar equipment on their vehicles would cease to function in early 2008.[1] Plaintiffs have had access to and utilized OnStar services for the last five or six years, yet they contend that they "expected" the OnStar services to be available for the life of the vehicle so Defendants must be liable. However, Plaintiffs point to no affirmative promise or representation by Defendants that the OnStar services would be available for the life of the vehicle. Further, Plaintiffs' assertion that Defendants failed to disclose material facts does not state a claim since (1) a potential change in the law is not a "material fact," and (2) Defendants had no duty to disclose that a federal agency was engaged in public rule making that might result in a change in its rules. As detailed below, therefore, all of Plaintiffs' claims fail as a matter of law.

## II. FACTS AS ALLEGED IN THE COMPLAINT

Margaret Gonzales purchased a new Pontiac Grand Prix from a GM dealer in July

---

[1] The OnStar equipment itself has not failed or broken, and would continue to function if cellular providers continued to maintain analog networks.

2001 with OnStar hardware factory-installed (Complaint, ¶11). Ms. Gonzales subscribed to OnStar services at the time of purchase, and has been a subscriber for the six years since that date *(Id.)*.

Billy Joe Patton purchased a new GMC Denali from a GM Dealer in 2002 with OnStar hardware factory-installed (Complaint, ¶12). Mr. Patton subscribed to OnStar services at the time of purchase, and has been a subscriber for the five years since that date *(Id.)*.

The OnStar system is a subscription-based telematics service that is available for use with vehicles with OnStar hardware installed (Complaint, ¶2). OnStar hardware was originally designed to operate with an analog cellular communications network (Complaint, ¶4). In May 2001, pursuant to a Year 2000 Biennial Review of Regulations, the FCC proposed changes to regulations governing cellular service providers (Complaint, ¶5). The then-existing regulations required cellular providers to operate analog cellular networks in addition to any digital cellular networks they also operated *(Id.)*. As a result of the FCC's rule-making process, which included public notice and comment periods, new regulations were adopted in late 2002, which allowed cellular providers to discontinue analog service beginning in early 2008 *(Id.)*.

Because of this FCC ruling, in early 2008, OnStar hardware that can only utilize an analog network, like that installed in Plaintiffs' vehicles, will cease to function since no cellular provider intends to continue to provide analog service nationwide (Complaint, ¶6). Beginning in the 2003 model year, GM began installing in some vehicles OnStar equipment that could be upgraded to work with digital networks, and eventually began installing hardware that could operate on both the analog and digital networks (Complaint, ¶4).

The basis for all of Plaintiffs' claims is an allegation that Defendant's "omitted and failed to disclose material facts, including that the OnStar vehicles would only work with analog cellular technology, that although carriers would continue to provide cellular service, they would not be required to provide analog cellular service, and that once

cellular service providers offered only digital service, the OnStar vehicles would no longer connect to the OnStar system" (Complaint, ¶28). Plaintiffs allege that this information should have been disclosed even though (1) Plaintiffs purchased their vehicles before the FCC published its amended rule allowing the discontinuance of analog networks, and (2) the FCC rule and rule-making process was public, open, and published in the Federal Register. Plaintiffs assert three causes of action: (1) violation of California's Consumer Legal Remedies Act ("CLRA"), (2) violation of California Unfair Business Practices Act ("UCL"), and (3) unjust enrichment.

### III. LEGAL ANALYSIS

A complaint may be dismissed pursuant to Rule 12(b)(6) if the defect appears on the face of the pleading or from a matter about which the Court may take judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). While the Court must accept as true all material factual allegations in the Complaint, it may not accept the truth of conclusory allegations or unwarranted inferences, nor should it accept legal conclusions as true merely because they are cast in the form of factual allegations. *Schmier v. U.S. Court of Appeals*, 279 F.3d 817, 820 (9th Cir. 2002); *Western Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is proper if a complaint displays either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *City of Arcadia v. United States EPA*, 411 F.3d 1103, 1106 (9th Cir. 2005); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Here, from the face of the Complaint it can be determined that Plaintiffs have no valid claims.

#### A. There is No Independent Claim under California Law for Unjust Enrichment

In the Complaint Plaintiffs allege as a separate claim "unjust enrichment" and seek the "institution of a constructive trust disgorging all profits, benefits and other compensation obtained by Defendants, plus attorney's fees, costs, and interest." (Complaint, ¶73). This claim fails as a matter of law because there is no recognized cause

of action under California law for unjust enrichment. As recently held by a sister court in this district:

> Plaintiffs cannot state a claim for unjust enrichment because no such cause of action exists in California. Unjust enrichment is not a separate cause of action but is tied to other causes of action.

*Reudy v. Clear Channel Outdoors, Inc.*, 2007 U.S. Dist. LEXIS 26322, *46 (N.D. Ca. 2007), citing *Melchior v. New Line Productions, Inc.*, 106 Cal. App 4th 779 (2003); *Enreach Tech, Inc. v. Embedded Internet Solutions, Inc.* (N.D. Cal. 2005) 403 F.Supp.2d 968, 976; *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1490 (2006). Accordingly, Plaintiffs' claim for unjust enrichment should be dismissed.[2]

**B.    Plaintiffs' Claims, Which are Based on an Alleged Omission, Fail as a Matter of Law**

**1.    <u>Plaintiffs Identify No Actionable Misrepresentations in the Complaint</u>**

There is no allegation in the Complaint that Defendants ever made any representation that the OnStar system would be available forever, or that OnStar hardware would be compatible with whatever cellular technology might be utilized in the future by cellular service providers. Indeed, Plaintiffs identify only two affirmative statements in the Complaint even attributed to Defendants. Specifically, Plaintiffs allege that GM represented at time of sale that the "vehicle had an OnStar communications system" and that OnStar stated in its Owners Guide that "since OnStar uses cellular technology for communication to the OnStar Center, it can only be operated in geographic areas where cellular coverage is available. Although nearly all of the North American population lives and works in cellular coverage areas, there are various rural and mountainous areas where coverage is marginal or does not exist. Cellular service is also subject to transmission limitations caused by atmospheric conditions" (Complaint, ¶28). Plaintiffs

---

[2] For the reasons set forth in Section B(4) herein, the Complaint also fails to set forth facts that would justify a restitution remedy even if an unjust enrichment claim did exist.

do not allege that these statements are false, as they were clearly true, but rather seem to contend that the statements imply that OnStar analog service would be available for the life of the vehicle. Plaintiffs allege that they "reasonably expected that OnStar hardware to be able to connect to the OnStar system for the life of the vehicles" (Complaint, ¶¶55, 61, 70). In other words, Plaintiffs supposedly believed that the OnStar equipment would never become obsolete.

A manufacturer's duty with respect to a product is governed by the affirmative representations or promises made regarding the product. As the California Supreme Court established long ago, a consumer is "fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will." *Seely v. White Motor Co.*, 63 Cal. 2d 9, 16-18 (1965); see also *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 614 n.9 (3rd Cir. 1995) (stating that "[p]arties' expectations, standing alone, are irrelevant without any contractual hook on which to pin them"). Here, Plaintiffs point to no statement or representation that could reasonably be interpreted as a promise or warranty that the OnStar equipment would never become obsolete and would be compatible with all new technology for the entire life of the vehicle. Indeed, given the ever-changing technology in today's world, any expectation that a given piece of hardware will be compatible with future technology is inherently unreasonable. For example, the album and turntable gave way to the cassette tape, which gave way to the Compact Disc, which is now being replaced by digital music downloads. Similarly, much of the software purchased 6 years ago does not interface with software currently sold. In a very analogous situation, analog television sets will soon cease to function because the signal will be broadcast exclusively in digital. These examples underscore that unless a manufacturer promises or warrants that a given product will be forever operable regardless of changing technology, a consumer cannot reasonably expect that it will be. In short, Plaintiffs identify no statements made by Defendants that could reasonably be interpreted as false or misleading or that support any "expectation" the OnStar hardware would never become obsolete.

### 2. No Actionable Omission is Pled in the Complaint that Supports a CLRA Claim

Recognizing that Defendants made no direct misrepresentations, Plaintiffs instead base their claims on Defendants' alleged failure to disclose certain information. The ultimate basis of Plaintiffs' claim is the allegation that Defendants failed to disclose that the "OnStar hardware had inherent limitations, would stop being of any use prematurely and become not suitable for their intended use" if cellular service providers ceased providing analog service (Complaint, ¶51). While a claim under the CLRA may be supported by an actionable omission, "to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact that defendant was obliged to disclose."[3] *Daugherty v. American Honda Motor Corp., Inc.*, 144 Cal. App. 4th 824, 835 (2006) (emphasis added). Further, in order to be actionable an omission must be of a material fact since opinion is generally not actionable as a misrepresentation. *Interpetrol Bermuda, Ltd. v. Kaiser Aluminum Int'l Corp.*, 719 F.2d 992, 996 (9th Cir. 1983). Here, Plaintiffs in essence allege that Defendants should be liable for failing to disclose what the FCC might do in the future in its rule making process, since Plaintiffs purchased their vehicles before the publication of the FCC's final rule allowing cellular providers to cease analog service.[4] Such nondisclosure does not support a claim since (1) it is not a material "fact" but rather an opinion concerning a future event and (2) Defendants had no duty to disclose the "fact."

It is well established that statements predicting the future actions of public officials cannot be justifiably relied upon, and therefore are not material. See *Borba v. Sherman Thomas*, 70 Cal. App. 3d 144 (1977); *Holder v. Home Savings & Loan Assoc.*, 267 Cal. App. 2d 91 (1968). As stated in Borba, "absent some special relationship between the

---

[3] For the reasons set forth above, the alleged omission is not contrary to any representation identified by Plaintiffs in the Complaint.

[4] In addition, Plaintiffs also apparently contend Defendants had a duty to disclose what cellular providers might do in response to any FCC ruling regarding analog service. The FCC's final rule merely allows discontinuance of analog service after 5 years, it does not mandate discontinuance.

parties, a private person is not entitled to rely on the opinion of another private person concerning the future decisions of a public body." *Borba*, 70 Cal. App. at 154. Here, the FCC's final rule allowing, but not mandating, cellular providers to discontinue analog service in 2008 was published in the Federal Register on December 17, 2002, <u>after</u> Plaintiffs purchased their vehicles. *See* 67 Fed. Reg. 77175 (Dec. 17, 2002). Any statement made by Defendants prior to that time would have amounted to no more than their guess or opinion as to what the FCC would ultimately decide. Accordingly, Plaintiffs' claim of nondisclosure of a material fact fails since there was no material fact which Defendants failed to disclose prior to Plaintiffs' purchase of their vehicles.

Further, in order for a nondisclosure to be actionable, there must also be some duty to disclose. Generally, there are four circumstances in which a nondisclosure or omission may be actionable: "(1) when the Defendant is in a fiduciary relationship with the Plaintiff; (2) when the Defendant has exclusive knowledge of material facts not known to the Plaintiff; (3) when the Defendant actively conceals a material fact from the Plaintiff; and (4) when the Defendant makes partial representations but also suppresses some material facts." *Limandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). Plaintiffs do not allege that they had a fiduciary relationship with Defendants, so that prong is inapplicable. With respect to the remaining prongs, all require the defendant to have knowledge of a material fact that is not within the possession of and cannot be ascertained by the plaintiff. Here, the alleged omission relates to potential regulatory action by a federal agency, which, as discussed above, is not a "material fact" at all. Moreover, that the FCC was reevaluating its rule requiring the support of analog cellular systems was certainly not secret or within the sole knowledge of Defendants.

Specifically, on June 12, 2001, the FCC published in the Federal Register the underlying Analog Sunset Notice, asking interested parties to address whether the analog service requirement should be retained. *See* 66 Fed. Reg. 31589 (June 12, 2001). On December 17, 2002, the Analog Sunset Order was published in the Federal Register announcing the FCC's decision to phase out the analog service requirement after five

years. *See* 67 Fed. Reg. 77175. The very purpose of public rule making is to provide notice of and allow access to the decision-making process of the regulatory body. *See Federal Crop Ins. Corp. v. Merrill*, 68 S. Ct. 1, 3 (1947) ("just as everyone is charged with knowledge of the United State statutes at large, Congress has provided that the appearance of rules and regulations in the Federal Register gives legal notice of their contents"); *Lynsky v. United States*, 126 F.Supp. 453 (Ct. Cl. 1954) ("publication of rulings and regulations in the Federal Register is notice for all of the world"); *see also* 44 U.S.C. §1507 (West 2007) (publication in the Federal Register "is sufficient to give notice of the contents of the documents to a person subject to or affected by it"). The Federal Register publications were sufficient, as a matter of law, to apprise Plaintiffs that analog cellular service could be discontinued at some time in the future. Since the alleged undisclosed information was equally available to Plaintiffs, their claims based on Defendants' alleged omission fail since Defendants had no duty to disclose potential regulatory action by the FCC.

### 3. The Facts Pled Fail to Support a Claim under §17200

The UCL "establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent." *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1996). To state a claim under the UCL, the Complaint must state "with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993). Here, Plaintiffs simply allege that they "reasonably expected the OnStar hardware to be able to connect to the OnStar system for the life of their vehicles" (Complaint, ¶61), and that Defendants knew that the OnStar equipment "would prematurely stop being able to connect to the OnStar system" (Complaint, ¶62). These allegations do not support a UCL claim.

First, there is no violation on the basis of an unlawful practice, which requires a business practice "forbidden by any law." *Olszewski v. Scripps Health*, 30 Cal. 4th 798, 827 (2003). Plaintiffs allege no specific statute or law that has been violated except the CLRA, which for the same reasons detailed above fails as a matter of law. Second, the

Complaint does not support that Defendants engaged in any unfair or fraudulent conduct. California courts have clearly held that the failure to disclose that a component of a vehicle may not last for the life of the vehicle is not an "unfair practice" under the UCL. *Bardin v. Daimler Chrysler Corp.*, 136 Cal. App. 4th 1255 (2006); *Daugherty*, 144 Cal. App. 4th at 839. Plaintiffs allege no conduct or statement by Defendants which could reasonably be interpreted as a promise or representation that the OnStar equipment would function for the life of the vehicle.

Finally, although Plaintiffs make the bald allegation that Defendants' conduct was "likely to deceive the public," they provide no factual support for the allegation. In this regard, a Complaint must state sufficient facts with "reasonable particularity" to establish, factually, that members of the public are likely to be deceived. *Khoury*, 14 Cal. App. 4th at 619. The Complaint identifies no representations by Defendants concerning how long the OnStar hardware might be compatible with whatever cellular technology might be utilized in the future. Further, as discussed above, GM's alleged omission relates to public rule making by the FCC and was not a material fact. Most importantly, in order to be deceived members of the public would have had to expect the OnStar equipment to remain compatible with all future technology for the life of the vehicle regardless of changes in cellular technology. See *Bardin*, 136 Cal. App. 4th at 1270-71. Yet, Plaintiffs allege no facts supporting that such an expectation existed, and as discussed above, such an expectation is inherently unreasonable. Accordingly, the UCL claim should also be dismissed.

### 4. Restitution is Not an Appropriate Remedy

Even if a valid UCL claim could be asserted, the Complaint fails to allege facts that would justify any remedy. A UCL claim is equitable in nature, and relief is limited to restoration of money or property that defendants took directly from plaintiff or money or property in which the plaintiff has a vested interest. *Palmer v. Stassinos*, 348 F.Supp.2d 1070, 1088 (N.D. Cal. 2004). Under the theory of equitable restitution, a plaintiff can only recover "where money or property identified as belonging in good conscience to the

plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Great-West Life & Annuity, Inc. Co. v. Knudson*, 534 U.S. 204, 213 (2002). The money or property that is the basis of restitution must be "money or property that defendants took directly from the plaintiff." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1151 (2003).

With respect to GM, Plaintiffs' allege that they purchased the vehicles from dealers, not directly from GM (Complaint, ¶¶11-12). Since Plaintiffs do not allege that they paid anything directly to GM, there is nothing to restore and a restitution remedy fails. With respect to OnStar, although Plaintiffs allege that they paid subscription fees for the OnStar service, nowhere do Plaintiffs allege that they did not receive all the services they purchased or that the services were not fairly priced. In other words, there is no allegation that OnStar has funds that in "good conscience" belong to Plaintiffs. In fact, the crux of Plaintiffs' complaint is that they will not be able to utilize OnStar services in the future, and that those services are valuable and worth the cost of subscription. But, since OnStar provided valuable services in exchange for the subscription fees Plaintiffs paid, a restitution remedy is inappropriate. For these reasons as well, Plaintiffs' UCL claim fails.[5]

### C. Plaintiffs' Claims are Barred by Limitations

Plaintiffs' CLRA claim is subject to a three-year statute of limitations, *see* Civil Code §1783 ("any action brought under the specific provisions of §1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice"), and their UCL claim is subject to a four-year limitation period, *see* Bus. & Prof. Code §17208. Further, in order to be actionable under the CLRA, any act or practice must have occurred prior to sale. See *Daugherty*, 144 Cal. App. 4th at 837 n.6 (representations occurring after the time of sale cannot be actionable under the CLRA). Ms. Gonzales alleges that she purchased her vehicle in July of 2001, and Mr. Patton

---

[5] Plaintiffs unjust enrichment "claim" suffers from this same defect.

alleges he purchased his vehicle in 2002. Suit was filed on May 15, 2007, well after the limitations period had run. Their claims are therefore barred by limitations and subject to dismissal under Rule 12(b)(6) because this affirmative defense appears on the face of the Complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001); *Ritchie v. United States*, 210 F.Supp.2d 1120, 1123 (N.D. Cal. 2002).

Anticipating this deficiency in their Complaint, Plaintiffs allege that the statute of limitations should be tolled because they had "no realistic ability to discern" and "could not reasonably have been expected to learn or discover" that the OnStar equipment would cease to function in early 2008 (Complaint, ¶35).[6] However, "[A] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence" *Grisham v. Phillip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 638 (2007). Here, not only are no facts alleged in the Complaint supporting application of the discovery rule, but the facts alleged affirmatively negate the application of the rule.

Plaintiffs allege that the FCC commenced a public rule making process in May of 2001 which led to the new regulation in the later part of 2002 allowing cellular telephone companies to discontinue their analog networks beginning in 2008. In fact, as the Court may take judicial notice, the FCC published in the Federal Register a Notice of Proposed Rule Making on June 12, 2001, and the final rule on December 17, 2002. *See* 66 Fed. Reg. 31589 (June 12, 2001); 67 Fed. Reg. 77175 (Dec. 17, 2002); 44 U.S.C. §1507 (West 2007) ("The contents of the Federal Register shall be judicially noticed"). As a general rule, "discovery occurs (1) when the Plaintiff had actual knowledge of facts sufficient to arouse suspicion in a reasonably prudent person, or (2) when the Plaintiff had access to

---

[6] Although it is an open question whether the discovery rule even applies to an unfair business practices claim, Defendants will assume it does for purposes of this Motion. *See Betz v. Trainer Wortham & Co.*, 2007 U.S.App. LEXIS 11439 (9th Cir.2007).

1  the 'means of knowledge' of such facts and a reasonably prudent person would have used
2  those means before making a relevant financial decision." *Briskin v. Ernst & Ernst*, 589
3  F.2d 1363, 1367 (9th Cir. 1978). Plaintiffs plead no facts suggesting that they lacked
4  access to public rule making by an arm of the federal government.[7] As discussed earlier,
5  publication in the Federal Register is "notice to all the world." *Lynsky*, 126 F.Supp. at
6  455. Plaintiffs are therefore deemed to have access to and knowledge of the FCC rule
7  making process, and thus to have "discovered" the relevant information regarding their
8  claims by, at the latest, December 17, 2002.[8] Accordingly, the statute of limitations
9  cannot be tolled, and Plaintiffs' claims are barred by limitations.

## IV. CONCLUSION

For all the foregoing reasons, Defendants request that Plaintiffs' Complaint be dismissed in its entirety.

DATED: July 6, 2007           SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: s/Amand K. Mines
    Micki S. Singer
    Amand K. Mines
    Attorneys for Defendants
    GENERAL MOTORS CORPORATION and
    ONSTAR CORPORATION

---

[7] Indeed, Plaintiffs allege that GM and OnStar should have known that analog systems would cease to be functional at some point based upon the FCC's rule making.

[8] Defendants do not concede, as suggested by the Complaint, that notice of the FCC's action and its affect on OnStar equipment was not provided by Defendants prior to 2004 (Complaint, ¶39). In fact, notice was provided to current and prospective OnStar subscribers through various media. For purposes of this motion, however, Defendants understand that only those facts alleged in the Complaint are relevant.

# PROOF OF SERVICE

[Gonzales v. General Motors
United States District Court Northern District Case No. C07-02580-EMC]

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, 801 South Figueroa Street, 18th Floor, Los Angeles, California 90017-5556. On July 6, 2007, I served the within document(s):

**MOTION OF DEFENDANTS GENERAL MOTORS CORPORATION AND ONSTAR CORPORATION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ EMAIL - by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below on this date

| | |
|---|---|
| Kim D. Stephens, Esq.<br>Beth E. Terrell, Esq.<br>Tousley Brain Stephens PLLC<br>1700 Seventh Avenue<br>Suite 2200<br>Seattle, Washington 98101-4416 | Counsel for Plaintiffs<br><br>Tele: (206)682-5600<br>Fax: (206)682-2992<br><br>e-mail:<br>kstephens@tousley.com<br>bterrell@tousley.com |
| Gary E. Mason, Esq.<br>Alexander E. Barnett, Esq.<br>THE MASON LAW FIRM, P.C.<br>1225 19th Street, N.W., Suite 500<br>Washington, D.C. 20036 | Counsel for Plaintiffs<br><br>Tele: (202)429-2290<br>Fax: (202)429-2294<br><br>e-mail:<br>gmason@masonlawdc.com<br>abarnett@masonlawdc.com |
| Alexander E. Barnett, Esq.<br>THE MASON LAW FIRM, P.C.<br>1120 Avenue of the Americas, Suite 4019<br>New York, New York 10036 | Counsel for Plaintiffs<br><br>Tele: (212)362-5770<br>Fax: (212)591-5227<br><br>e-mail:<br>abarnett@masonlawdc.com |

LA/691327v1

| | |
|---|---|
| Kevin L. Oufnac, Esq.<br>KAHN GAUTHIER SWICK, LLC<br>650 Poydras Street<br>Suite 2150<br>New Orleans, Louisiana 70130 | Counsel for Plaintiffs<br><br>Tele: (504)455-1400<br>Fax:  (504)455-1498<br><br>e-mail:<br>kevin.oufnac@kgscounsel.com |
| Michael F. Ram, Esq.<br>LEVY, RAM & OLSON<br>639 Front Street, Fourth Floor<br>San Francisco, California 94111 | Counsel for Plaintiffs<br><br>Tele:  (415)433-4949<br>Fax:   (415)433-7311<br><br>e-mail:<br>mfr@lrolaw.com |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

    Executed on July 6, 2007, at Los Angeles, California.

*Dawn Klein*
_____
Dawn Klein

[updated 6/22/07]

LA/691327v1