SEDGWICK, DETER, MORAN & ARNOLD LLP
MICKI S. SINGER Bar No. 148699
micki.singer@sdma.com
DENNIS E. RAGLIN Bar No. 179261
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Telephone:  (415) 781-7900
Facsimile:   (415) 781-2635

SEDGWICK, DETERT, MORAN & ARNOLD LLP
JACQUELINE M. JAUREGUI  Bar No. 095289
jacqueline.jauregui@sdma.com
AMAND K. MINES Bar No. 155195
amand.mines@sdma.com
801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Telephone:  (213) 426-6900
Facsimile:   (213) 426-6921

Attorneys for Defendants
GENERAL MOTORS CORPORATION AND ONSTAR CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET A. GONZALES and BILLY JOE PATTON, JR., On behalf of themselves and all others similarly situated, and on behalf of the general public<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS CORPORATION, a Delaware Corporation, and ONSTAR CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No. C 07 2580 THE<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY THIS ACTION PENDING RULING ON MOTION TO CONSOLIDATE BY MDL PANEL; DECLARATION OF MICKI S. SINGER (FILED WITH *EX PARTE* APPLICATION TO SHORTEN TIME)<br><br>DATE:<br>TIME:<br>Courtroom 12 |

## I. BACKGROUND

This suit relates to an in-vehicle telecommunication ("telematic") service provided by OnStar through equipment installed by GM in some of its vehicles. Beginning in early 2008, national cellular wireless providers, consistent with a rule adopted by the Federal

-1-

Communications Commission ("FCC") in 2002, will cease providing analog cellular service and instead will provide only digital cellular service. The telematic equipment installed in some GM vehicles functions only with analog cellular service and will, therefore, no longer be operational. Although many of these vehicles can be upgraded to be compatible with digital cellular service, OnStar has notified certain vehicle owners that their equipment cannot be reliably upgraded, and that their OnStar service will cease on December 31, 2007.

## II. GROUNDS FOR STAY

This suit is not the only one in the federal court system against GM and/or OnStar asserting claims related to the analog to digital switch. In fact, 11 putative class action lawsuits have been filed in 5 different judicial districts. Because of this, Defendants filed, pursuant to 28 U.S.C. §1407, a Motion for Transfer of Actions to a Single District for Consolidated and Coordinated Pretrial Proceedings (the "Motion to Consolidate") on May 29, 2007. GM and OnStar requested that all the related cases be consolidated in the Eastern District of Michigan where the first-filed action, as well as three other actions, are pending. A copy of the Motion to Consolidate was previously filed with this Court. A hearing on the Motion to Consolidate was held before the MDL Panel on July 26, 2007. Defendants anticipate that the MDL Panel will rule on the Motion to Consolidate in the relatively near future.

A district court has the inherent power to stay its proceedings. *See, e.g., Rivers v. The Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Ca. 1997). As noted by the United States Supreme Court, the power to stay is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). District courts in this circuit have often stayed cases pending a ruling regarding MDL consolidation. *See Rivers*, 980 F.Supp. at 1361; *Connor v. AT&T*, 2006 U.S. Dist. LEXIS 47064 (E.D. Ca. 2006); *Mangani v. Merck & Co., Inc.*, 2006 U.S. Dist. LEXIS 67155 (D. Nev. 2006). In considering whether to stay pending a MDL ruling, district courts generally consider three factors "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases

-2-

are in fact consolidated." *Rivers*, 980 F.Supp. at 1360. Here, these factors support staying this case.

Certain deadlines set by the Court in this action are approaching. In this regard, the parties are to conduct a Rule 26(f) conference by August 6, 2007, and the Court has set a status conference as well as a hearing on Defendants' Motion to Dismiss for August 27, 2007. Plaintiffs' response to Defendants' Motion to Dismiss is currently due on August 6, 2007. In order to not waste the time and resources of the Court and parties on matters which may become moot, this action be stayed pending a ruling by the MDL Panel. For example, if this case and the other pending actions are consolidated, undoubtedly a consolidated scheduling order governing discovery and other pre-trial matters would be entered to govern all the cases, and any schedule set in this case would be superseded. As noted by the Court in *Rivers*, this Court's efforts concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated action. *Id.* at 1360. Further, a stay will not prejudice Plaintiffs as this case is relatively new, and Plaintiffs have not been required to expend any time or resources on the case.[1] In any case, even if a temporary stay could be characterized as prejudicial to Plaintiffs, considerations of judicial economy outweigh any such prejudice. *Rivers*, 980 F.Supp. at 1361 n. 5. Accordingly, Defendants respectfully request that this action be stayed in its entirety pending a ruling by the MDL Panel on the Motion to Consolidate.

////
////
////
////
////
////
////

---

[1] With respect to the Motion to Dismiss, Defendants offered to allow any stay to encompass Plaintiffs' response to that Motion, if Plaintiffs agreed a stay of the action. Plaintiffs, however, refused the offer and instead chose to file a response to the Motion to Dismiss.

### III. CONCLUSION

For all the foregoing reasons, Defendants request that the Court stay this case until the MDL Panel rules on the Motion to Consolidate.

DATED: August 2, 2007                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Micki S. Singer
Dennis E. Raglin
Attorneys for Defendants General Motors Corporation and OnStar Corporation

---

SF/1433992v1

MOTION TO STAY PROCEEDINGS PENDING
RULING ON MOTION TO CONSOLIDATE

-4-